## BYRD FREDRIGILL v. STATE.

No. A-7976. Opinion Filed July 31, 1931.
(1 Pac. [2d] 821.)

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted of rape in the second degree and sentenced to serve one year in the state penitentiary. From which judgment, an appeal has been taken.

The testimony on behalf of the state tends to show that Hazel Harrison, on the 24th day of August, 1929,

was a girl under the age of 16 years; she was acquainted with the defendant on that date; the defendant and another party met her and her sister a short distance from their home; the sister and the other party got in the car they were driving, and the defendant and prosecuting witness got in the car the defendant was driving; they drove to Seminole and from Seminole to Shawnee to the home of the defendant's sister; after they got to the home of defendant's sister, the prosecuting witness testified the defendant asked her to go upstairs with him; after they got upstairs they sat on a bed for a while and defendant asked the prosecuting witness to lie down on the bed; she declined to do so, but was finally placed on the bed by the defendant and her bloomers taken off; the prosecuting witness states the defendant had intercourse with her; that she remained all night at the home of the sister of the defendant; the defendant was in bed with her during the night; that she got up the next morning, came down stairs and ate her breakfast; after that the defendant brought the prosecuting witness back to near the home of her sister in Seminole county. The prosecuting witness claims she told her sister what had taken place. The mother and father of the prosecuting witness testified as to her age, and the proof shows conclusively that she was under the age of 16 years. The prosecuting witness further testified that she had consulted Dr. Black, but she did not remember the date, it was along about the first of September; it was after this act of sexual intercourse.

The testimony of the state further tends to show that as a result of the sexual intercourse with the defendant the prosecutrix contracted syphilis. The testimony of the doctor shows that an examination of the prosecu-

ting witness showed evidence of syphilis when he examined her, which was some time in the fall of 1929.

The defendant admits meeting the prosecutrix and taking her in the car and says they drove to Seminole, where the prosecutrix got out of the car; the defendant denies he took her with him to Shawnee, or that he at any time had her in a room at his sister's house, and denies that he ever had sexual intercourse with her.

An effort was made on behalf of the defendant to try to show that the prosecutrix had made statements at other times different to her testimony in the trial of the case. The evidence conclusively shows that the prosecuting witness was under the age of 16. The testimony is conflicting as to whether or not the defendant had sexual intercourse with her in the city of Shawnee.

Several errors have been assigned by the defendant. The defendant has grouped his assignments of error under four propositions; the first proposition argued is the evidence fails to establish the corpus delicti, that is, that the proof fails to show that the defendant had sexual intercourse with the prosecuting witness, that the proof fails to show penetration.

Section 1836, C. O. S. 1921, in part is as follows:

"Any sexual penetration, however slight, is sufficient to complete the crime."

The defendant insists that the prosecutrix failed to show that the defendant had sexual intercourse with her, and in his brief quotes her direct testimony wherein the witnesses is quoted as saying, "He held me and taken intercourse with me." The testimony of the prosecuting witness as quoted by the defendant is correct as far as it goes, but the prosecutrix, in testifying with reference to the time she consulted Dr. Black, states:

"I cannot remember the date, but it was along about the first of September, and after the act of sexual intercourse with the defendant."

The authorities cited by the defendant are the correct law, but in this case the record is against the contention of the defendant. While the evidence is not clear as it should be, we hold that it is sufficiently clear to show that the prosecuting witness stated the defendant had sexual intercourse with her.

The next proposition discussed by the defendant is:

"The trial court wrongfully restricted the cross-examination and excluded competent testimony."

This court has often held that, when the defendant complains of the action of the court in the admission or rejection of evidence, the error should quote the full substance of the evidence admitted or rejected stating specifically the objection thereto. The defendant in this case does not conform with the ruling of the court by setting out the testimony sought to be introduced. The prosecutrix testified she did not have the conversation inquired about by defendant's counsel with Tom Boring. From a careful examination of the record, we hold that the court did not err in its ruling as to the cross-examination of the prosecutrix by the defendant.

There are other errors assigned and argued by the defendant, but they do not possess sufficient merit to warrant a reversal of this case or a discussion in detail. The defendant was accorded a fair and impartial trial; the jury was correctly advised as to the law by the court; the evidence is sufficient to sustain the judgment. There are no errors in the record sufficient to warrant a reversal.

The judgment of the lower court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.